IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEILA MEUSE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) CASE NO. 2:15-cv-847-MHT-TFM |
| | ) |
| ROBERT A. MCDONALD, | ) |
| Secretary of Veterans Affairs, | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Plaintiff, Sheila Meuse, a former employee of the Department of Veterans Affairs brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981, against her former employer, the Department of Veterans Affairs ("the Department") alleging that she was discriminated against on the basis of her race, color and sex when her "[e]mployment was terminated (constructive discharge) as a result of hostile work environment/harassment." *See* Complaint, Doc. 1 ¶ 5.) This court has jurisdiction of Meuse's discrimination claims pursuant to the jurisdictional grant in 42 U.S.C. § 2000e-5.  Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  (Doc. 2).

Now pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8 and EEOC decision attached 8-1) and Plaintiff's Response thereto (Doc. 13 and attached exhibits Doc. 13-1). Specifically, Defendant seeks to dismiss Plaintiff's complaint on the basis of the Federal Rules of Civil Procedure, Rule 8(a) for failing to meet the minimum pleading requirements and Rule 12(b)(6) for failure to state a claim and for failure to exhaust administrative remedies[1]. The Court has carefully reviewed the motion to dismiss and briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials. For good cause, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. 12) be GRANTED with respect to all Plaintiff's claims.

## II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges that she was employed by the Federal Government from 1984 until 2015 and during the majority of that time she was employed by the Department of Veterans Affairs. (Doc. 1 ¶ 5; Doc. 13 p. 3). The alleged discrimination occurred at the Central Alabama Veterans Health Care System (CAVHCS) located in Montgomery, Alabama on or about June 6, 2014 through July 2014 and is "ongoing". (Doc. 1 ¶¶ 8,10; Doc. 13 pp. 3-4). Plaintiff alleges a claim for hostile work environment/harassment, resulting in constructive discharge of Plaintiff based on "color (White), race (Caucasian), and sex

---

[1] The Court does not address Defendant's failure to exhaust argument for dismissal because the Court concludes, as explained hereinafter, that the Complaint is due to be dismissed on other grounds.

(Female)" and based on the following events which Plaintiff alleges "adversely affected Plaintiff's terms and conditions of employment." (Doc.1 ¶¶ 4,6,9; Doc. 13 p.4).

Plaintiff lists these events supporting her claims for discrimination and a hostile work environment in her Complaint and Response to Motion to Dismiss as follows:

1) On June 6, 2014, former (fired) Medical Center Director James Talton sent an email to several recipients criticizing Plaintiff's input.
2) On June 11, 2014, former (fired) Medical Center Director James Talton made the following statement to Plaintiff, "You are part of the problem" using an aggressive tone in the presence of the Associate Director, Richard Tremaine.
3) One June 16, 2014, former (fired) medical Center Director James Talton sent an email message to Plaintiff asking why Plaintiff was not at an 11:00 a.m. meeting on bulletin boards; however, when Plaintiff arrived at the meeting at 11:01, Plaintiff was told the meeting had been cancelled.
4) One [sic] June 16, 2014, former (fired) Medical Center Director James Talton questioned why Richard Tremaine (Associate Director) added Plaintiff to an email.
5) On June 17, 2014, former (fired) Medical Center Director James Talton sent a message misrepresenting Plaintiff's behavior, and giving Plaintiff conflicting guidance.
6) On June 23, 2014, former (fired) Medical Center Director James Talton messages Plaintiff specifying Plaintiff's work schedule as "East Campus [Tuskegee] three days weekly, and on West Campus [Montgomery] the other days of the week" and inaccurately referenced a written in-brief and previous direction.
7) On June 20, 2014, former VISN 7 Director Charles Sepich initiated an investigation, which included investigating Plaintiff, regarding allegations that Plaintiff had told groups of employees that former (fired) Medical Center Director James Talton lied to a Congresswoman.

Plaintiff initiated the Equal Employment Opportunity complaint process regarding the Defendant's conduct on or about July 25, 2014 and received the Notice-of-Right-to-Sue letter on August 17, 2014. (Compl. ¶ 11).

(Doc. 13 pp. 4-5). On August 6, 2015, the Administrative Judge rendered a Decision denying all of Plaintiff's claims, which the VA's Office of Employment Discrimination

Complaint Adjudication adopted. (See Ex. 1: EEOC Decision at 4; Doc. 1-1). Plaintiff filed her complaint with this Court on November 12, 2015. (Doc. 1).

### III. STANDARD ON MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss an action based upon the plaintiff's "failure to state a claim upon which relief can be granted." The law is well settled; "[a] Rule 12(b)(6) motion tests the legal sufficiency of the complaint. . . .[I]n order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Coggins v. Abbett,* 2008 WL 2476759 *4 citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955) (2007). Further pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, Defendant argues that Plaintiff fails to meet the minimum pleading requirements because she fails to present "a short and plain statement of the claim showing that the pleader is entitled to relief." However, the law is clear that the pleadings of *pro se* litigants are to be "liberally construed". *Tannenbaum v. United States,* 148 F. 3d 1262, 1263 (11th Cir. 1998). Even so, *pro se* pleadings are still required to comply with the rules of procedure. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed. 2d 21 (1993).

### IV. DISCUSSION

#### A. Plaintiff's Claim for Race, Color[2], and Gender Discrimination

---

[2] The Court recognizes that "color discrimination is distinct from race discrimination in that the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination,

4

To assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII"), Plaintiff may create an inference of discrimination[3] by showing she: 1) was a member of a protected class, 2) was qualified for the job, 3) suffered an adverse employment action, and 4) her employer treated similarly situated employees outside the protected class more favorably. *Hopkins v. St. Lucie Cnty. Sch. Bd.,* 399 F. App'x 563, 565 (11th Cir. 2010) (affirming grant of motion to dismiss on Title VII claim) citing *Crawford v. Carroll,* 529 F.3d 961, 970 (11th Cir.2008)); *see also Chapman v. U.S. Postal Serv.,* 442 F. App'x 480, 484 (11th Cir. 2011) (affirming grant of motion to dismiss on *pro se* Title VII claim concluding Plaintiff failed to "sufficiently allege an adverse employment action for discrimination . . . . purposes"). Using the lens of Rules 12(b)(6) and 8(a)(2) *Fed. R. Civ. Pro.,* to focus its attention on the third and fourth prongs of Plaintiff's prima facie case, the Court concludes for the reasons stated below that Plaintiff has failed to state a claim for discrimination.

After a thorough review of the Complaint, argument of counsel and accompanying documentary evidence, the Court concludes Plaintiff fails to allege any facts sufficient to demonstrate she suffered any adverse employment action. "[T]o prove adverse

---

such as the case where a dark colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Gill v. Bank of Am. Corp.,* 2015 WL 4349935, * 4 (M.D. Fla. July 14, 2015) (citations omitted). However, Plaintiff nowhere in her complaint or her responsive briefs alleges discrimination based on the hue of her skin. Thus, the Court concludes that this claim is due to be dismissed.

[3] "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination. See *Twombly,* 127 S.Ct. at 1965." *Davis v. Coca-Cola Bottling Co., Consol.,* 516 F. 3d 955, 974 (11th Cir. 2008).

employment action in a case under Title VII's anti-discrimination clause, an employee must show a *serious and material* change in the terms, conditions, or privileges of employment."  *Davis v. Town of lake Park,* 245 F. 3d 1232, 1239 (11th Cir. 2001) (emphasis in original); *see also Lucas v. W.W. Grainger, Inc.,* 257 F. 3d 1249, 1261 (11th Cir. 2001) ("An employment action is considered 'adverse' only if it results in some tangible, negative effect on the plaintiff's employment.")

Indeed, in the instant action there is no allegation that Plaintiff suffered any lost pay, disciplinary action, demotion or any other tangible negative effect.  Rather, the seven specific alleged incidents in Plaintiff's employment which occurred between June 6, 2014 and June 23, 2014 where her superiors questioned her "input" and timeliness, criticized her "behavior" and investigated allegations that Plaintiff "told groups of employees that former (fired) Medical Center Director James Talton lied to a Congresswoman", fails to demonstrate any "tangible, negative effect" on Plaintiff's employment.  *Id.*, *see also, Chapman,* 442 Fed. App'x. at 484 ("letter of warning" and an "investigative interview" without "serious and material change in the terms, conditions, or privileges of employment" did not rise to the level of an adverse employment action.)

At best, the Court views any effect on Plaintiff from these alleged actions as emotional, based on a loss of self-esteem or frustration due to her superior's management style.  The Eleventh Circuit has plainly held that "the loss of prestige or self-esteem felt by an employee who receives what he believes to be unwarranted job criticism or performance review will rarely – without more – establish the adverse action necessary to pursue a claim

6

under Title VII's anti-discrimination clause." *Davis,* 245 F. 3d at 1242. Accordingly, the Court concludes Plaintiff has failed to allege an adverse employment action sufficient to state a claim and her complaint is due to be dismissed on that basis.

Additionally, Plaintiff fails to identify in her Complaint any similarly-situated comparators outside her protected class who were treated differently. Indeed, in her Complaint she does not allege that she was treated differently from anyone in her work place. *See Uppal v. Hosp. Corp. of America,* 482 Fed. App'x. 394, 396 (11th Cir. 2012) (affirming grant of motion to dismiss where plaintiff's allegation that "'[o]ther similarly situated employees outside Plaintiff's protected classes' engaged in similar misconduct, but were not disciplined" was insufficient to state a claim of disparate treatment.) Further, in her Response to Defendant's Motion to Dismiss she states that "James Talton demonstrated more favorable treatment of several black African American females similarly situated to Complainant" (Doc. 13 p. 15). Again this is insufficient under *Uppal, id,* to state a claim of disparate treatment. She also states that

> "the Agency has relied upon misleading or at best incomplete information regarding former director Talton's interactions with and supervision of longstanding Chief of Staff Cliff Robinson (black, African American, male) who had a history of performance issues (Exhibit 1, p. 22) in order to dispute that the Plaintiff with an outstanding and unblemished work history (Exhibit 1, p. 12, no 14) was treated disparately from a black African American male."

(Doc. 13 p. 15). The Court concludes that Plaintiff's circular and confusing statement in her Responsive brief also fails to meet the threshold pleading requirement of Federal Rule of Civil Procedure 8(a)(2).

Finally, the Court concludes that Plaintiff fails to state a single fact from which the Court might infer that any of the alleged events occurred because of her race, color or gender. Rather Plaintiff makes the single, bare bones allegation that "Defendant(s)' conduct is discriminatory with respect to race, color, [and] sex." (Doc. 1 ¶ 6). This "legal conclusion" is not "entitled to [an] assumption of truth" which "applies to all the allegations contained in a complaint." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 680-81 (2009). Rather the Court concludes that Plaintiff's claim for discrimination based on race, color and sex is due to be dismissed because she "provides no facts that would allow a court to infer" discriminatory intent. *Hopkins,* 399 F. App'x at 566, see also, *Edwards v. Prime, Inc.,* 602 F. 3d 1276, 1300 (11th Cir. 2010) (dismissing hostile work environment claim for failure to satisfy pleading standard under Fed. R. Civ. Pro. 8(a)). Accordingly, the Court concludes Defendant's Motion to Dismiss on the Plaintiff's race, color and gender discrimination claim is due to be granted.

### B. Plaintiff's Claim for Hostile Work Environment

To sufficiently plead a hostile work environment claim under Title VII, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S. Ct. at 1974) which demonstrates that she (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on her membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and

(5) the employer is responsible for that environment under a theory of either vicarious or direct liability.  *See Edwards,* 602 F. 3d at 1300 (dismissing hostile work environment claim for failure to satisfy pleading standard under Fed. R. Civ. Pro. 8(a)) (citations omitted).  Now the Court must consider whether Plaintiff's allegations in her complaint are sufficient under the pleading standards of 12(b)(6) and 8(a)(2) *Fed. R. Civ. Pro.,* to state a claim for hostile work environment under Title VII.

For purposes of the Motion to Dismiss, the Court focuses its attention on the fourth prong of the hostile work environment claim.  The Eleventh Circuit has stated that whether harassment is severe or pervasive enough to alter an employee's terms or conditions of employment depends upon "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza v. Borden, Inc.,* 195 F. 3d 1238, 1246, (11th Cir. 1999) (en banc) (citations omitted).  "[T]easing, offhand comments and isolated incidents do not constitute discriminatory changes in the terms and conditions of employment." *Satchel v. Sch. Bd. of Hillsborough Cnty.,* 251 F. App'x 626, 630 (11th Cir. 2007).

Moreover, the Eleventh Circuit recently held in *Corbett v. Beseler,* a female deputy sheriff's claim that she was subjected to a hostile work environment by her male coworkers in Narcotics was not actionable where such "humiliating and derogatory remarks" as "bossy", "bitchy", "abrasive", "dumb" and "stupid fucking bitch" were only used against her in "isolated and sporadic" instances and were not "daily occurrences".  635 Fed. App'x.

9

809, 816 (11th Cir 2015). Thus, in granting summary judgment in the favor of Defendant, the Court concluded these incidents "were not sufficiently pervasive to constitute a hostile work environment." *Id.* Moreover, the Court noted Plaintiff did not demonstrate that she was "deprived of overtime, training or other conditions of her work" or that her "employment status as a CCSO Deputy Sheriff was . . . affected." *Id.* at 816-817.

Against the backdrop of the current law, the Court has little difficulty in concluding, based on the Plaintiff's allegations in her Complaint and other narratives filed with her Response to the Motion to Dismiss, that she fails to state a claim for hostile work environment. Indeed, the seven incidents stated in her Complaint (Doc. 1 at ¶ 9) come nowhere near the level of severity required to establish a claim for a hostile work environment. *Compare Corbett*, supra at 816-817. Moreover, these incidents as plead in Plaintiff's Complaint, which occurred between June 6, 2014 and June 23, 2014, where her superiors questioned her "input" and timeliness, criticized her "behavior" and investigated allegations that Plaintiff "told groups of employees that former (fired) Medical Center Director James Talton lied to a Congresswoman", were admittedly limited in frequency, were not alleged to be physically threatening or to have an effect on Plaintiff's job performance. *See Mendoza,* 195 F. 3d at 1246. Thus, the Court concludes that Plaintiff's factual allegations, taken as true, fail to state a claim for hostile work environment. Furthermore, the single conclusory reference to a hostile work environment claim cannot survive a motion to dismiss because such a "broad statement . . . is merely a 'formulaic recitation of the elements'" that "standing alone, does not satisfy the pleading standard of

Federal Rule of Civil Procedure Rule 8." *Edwards,* 602 F. 3d at 1301 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Accordingly, the Court concludes Defendant's Motion to Dismiss on the Plaintiff's hostile environment claim is due to be granted.

### C. Plaintiff's Claim for Constructive Discharge

There is a legitimate question whether Plaintiff's conclusory and parenthetical claim for constructive discharge, which she alleges solely in the context of her hostile work environment claim, exists separately beyond her hostile work environment claim, which this Court has concluded is due to be dismissed. Indeed, some Courts have recognized that "[a]lthough Title VII sexual harassment and constructive discharge are separate issues, to be decided separately, where a plaintiff is unable to support a hostile work environment claim, she is also unable to support a claim of constructive discharge." *Matthews v. City of Gulfport,* 72 F. Supp. 2d 1328, 1338 (M.D. Fla. 1999). Out of an abundance of caution, the Court will address whether Plaintiff's constructive discharge claim can survive a Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2). The Eleventh Circuit has held that "[a] constructive discharge occurs when a discriminatory employer imposes working conditions that are 'so intolerable that a reasonable person in [the employee's] position would have been compelled to resign." *Fitz v. Pugmire Lincoln-Mercury, Inc.,* 348 F. 3d 974, 977 (11th Cir. 2003).

Plaintiff's Complaint states as follows: "The acts complained of in this suit concern hostile work environment/harassment, resulting in constructive discharge of Plaintiff."

11

(Doc. 1 ¶4). Plaintiff then restates this conclusory allegation in her Complaint as follows: "Employment was terminated (constructive discharge) as a result of hostile work environment/harassment." (Doc. 1 ¶ 5). The seven incidents stated in Plaintiff's Complaint, which occurred between June 6, 2014 and June 23, 2014, where her superiors questioned her "input" and timeliness, criticized her "behavior" and investigated allegations that Plaintiff "told groups of employees that former (fired) Medical Center Director James Talton lied to a Congresswoman" as a matter of law do not state a claim for constructive discharge because they do not demonstrate "a high degree of deterioration in working conditions." *Jones v. USA Petroleum Corp.,* 20 F. Supp. 2d 1379, 1384 (S.D. Ga. 1998) (Motions to dismiss granted because allegations of sexual harassment did not rise to the level of creating intolerable working conditions forcing employee to resign.) Thus, the Court concludes that Plaintiff's claim for constructive discharge is due to be dismissed.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Defendants' Motion to Dismiss (Doc. 8) be GRANTED in full and this case dismissed with prejudice.

It is further

ORDERED that the Parties shall file any objections to this Recommendation on or before **Tuesday, September 21, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 7th day of September, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE